United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUBEN JUAN VARGAS,<br><br>Defendant. | Case No.: CR-13-00553-PJH-1 (KAW)<br><br>DETENTION ORDER |

## I. BACKGROUND INFORMATION

Defendant Ruben Juan Vargas is charged by indictment with violations of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute and to distribute methamphetamine) and 21 U.S.C. § 841(a)(1) (possession with intent to distribute methamphetamine).

Having previously waived his right to a detention hearing without prejudice on October 17, 2013, Defendant requested that a detention hearing be held on November 13, 2013. Pretrial Services prepared a full bail study. On November 13, 2013, the Court conducted a detention hearing. Defendant was present, in custody, and represented by Assistant Federal Public Defender Ellen Leonida. Assistant United States Attorney Frank Riebli appeared on behalf of the Government. For the reasons stated below, the court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle

that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

**A. The Nature and Circumstances of the Offense and Weight of the Evidence**

Defendant is charged with conspiracy to possess with intent to distribute and to distribute methamphetamine and possession with intent to distribute methamphetamine, which gives rise to a rebuttable presumption of detention. 18 U.S.C. § 3142(e)(3). The presumption of detention

DETENTION ORDER
CR-13-00553-PJH-1 (KAW)                           2

shifts the burden of *production* to the defendant; the ultimate burden of persuasion remains with the government. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

As to the weight of the evidence, while this is the least important factor, Defendant was caught engaging in a "buy bust" operation, in which he delivered several drugs to undercover agents, and subsequently fled when he found out that they were agents. Further, while fleeing, Defendant allegedly threw two pounds of suspected methamphetamine out of the car window. In addition, the "buy bust" operation was recorded on video, and Defendant is clearly identified. Thus, the nature and circumstances of the offenses and the weight of the evidence weigh in favor of detention.

### B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community

Defendant is 27 years old and was residing with his grandmother and in Stockton, California at the time of his arrest. He graduated from Edison High School in Stockton, California in 2004. Defendant advised that he has been employed seasonally as a supervisor for an agricultural company, and would be allowed to return to his employment if released. He reported no other employment history. Defendant reported that he uses illicit drugs, including smoking marijuana on a daily basis, weekly use of methamphetamine, and regular use of Xanax without a prescription.

Defendant sustained two drug convictions in 2006, both of which resulted in 5 years probation. In 2008, Defendant was convicted of being a felon in possession of a firearm, and possession of a controlled substance, resulting in another 5 years probation. In 2009, Defendant sustained a conviction for reckless driving (misdemeanor). In 2010, Defendant was sentenced to 16 months in jail for being a felon in possession of a firearm. In 2012, Defendant was again convicted of carrying a loaded firearm with an enhancement for being a gang member, for which he received two years in jail. Defendant is a known associate of the Norteno criminal street gang.

Defendant was paroled on April 11, 2013. Less than three months later, on July 2, 2013, Defendant was allegedly involved in the "buy bust" operation charged in the above-captioned indictment. In his attempt to flee, he led officers in a high speed chase, during which he crashed

into a parked car and discarded a two pound bag of methamphetamine from his vehicle. His co-conspirator, meanwhile, allegedly discarded a firearm from the moving vehicle.

Defendant was on parole and court probation at the time of his arrest for the instant offense. He was initially charged locally and released on bail. Thereafter, the case was transferred to federal jurisdiction. On September 3, 2013, when California State Parole Officers attempted to execute the federal warrant, Defendant absconded and refused to come into the Parole Office, despite being ordered to do so. On September 14, 2013, Defendant was pursued by the fugitive task force and was ultimately apprehended by a Stockton Police Department K9 Officer. At the time of his arrest, Defendant was found to be in the possession of a cell phone with a number that had not been provided to Parole.

Defendant proposed his father, grandmother, and girlfriend as sureties, but none of them were suitable to mitigate the risk of flight or danger to the community. Defendant's father and grandmother had no money or property to post, but were willing to co-sign an unsecured appearance bond. Defendant's girlfriend, with whom he has a minor child, was also willing to co-sign an unsecured appearance bond. In addition, his girlfriend's mother was willing to post her home on Defendant's behalf.

As provided above, Defendant was on both parole and probation at the time of the instant offense. He has also been granted parole and/or probation at least five times and has violated each time by committing new offenses. Therefore, Defendant has failed to rebut the presumption that there is a combination of conditions that could be imposed that would mitigate the danger to the community.

**C. Risk of Nonappearance**

Factors that indicate Defendant poses a risk of nonappearance include his tendency to abscond and his history of substance abuse. Mitigating factors include his lifelong residence in the San Francisco Bay Area, familial ties to the district, and lack of international travel.

Given Defendant's actions in the instant matter, which include leading officers on a high speed chase and refusing to appear at the Parole Office, Defendant has failed to rebut the

presumption that there is a combination of conditions that could be imposed that would mitigate the risk of nonappearance.

### III. CONCLUSION

In light of Defendant's criminal history, the nature of the instant offense, and the weight of the evidence, the Court finds that Defendant presents a danger to the community and/or a risk of nonappearance, and that there is no condition or combination of conditions that will reasonably assure the safety of any other person or the community.

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: November 14, 2013

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR-13-00553-PJH-1 (KAW)                     5